AMÉRICO RODRÍGUEZ, Petitioner and Appellant, *v.* BOARD OF AWARDS AND THE MUNICIPAL ASSEMBLY OF MAYAGÜEZ, Respondents and Appellees.

No. 4030.   Argued December 10, 1926.—Decided February 25, 1927.

*Pascasio Fajardo Martínez* for the appellant.   *Amador Ramírez Silva* and *O. Souffront* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Américo Rodríguez submitted a bid for supplying 1,600 water-meters to the Municipality of Mayagüez and the contract was given to another bidder.   He brought this certiorari proceeding in the District Court of Mayagüez against the Board of Awards and the Municipal Assembly of Mayagüez to cancel the contract.   The district court issued the writ and after considering the questions involved, denied the petition with costs on the petitioner, who brought this appeal.

A few days before the date set for the hearing in this court the appellees filed a motion to dismiss the appeal on the ground of the lack of a practical purpose, inasmuch as the Municipal Assembly of Mayagüez had canceled the said bids on grounds other than those alleged by the appellant, and filed a certificate issued by the secretary of the said municipality showing that the bids had been canceled because the Department of the Interior had withheld its approval because the specifications and conditions thereof had not been previously submitted to that department.   Ap-

pellant opposed the motion and alleged among other things that the costs had been adjudged against him.

As we have said before, Américo Rodríguez was one of the bidders and when the contract was awarded to another bidder he brought certiorari proceedings not only for the cancellation of the award because his bid was more advantageous to the municipality, but also for the cancellation of the proceedings prior to the act of the bidding on the ground that in the ordinance ordering the bids no statement was made as to the nature of the proceedings specifying in detail all the requisites to be fulfilled, the place where the bids would be received and opened, the time limit to receive and open them, and because there were no clear specifications in regard to the meters and their installation. But as the petitioner does not allege that either he or the community suffered any prejudice on account of the irregularities stated by him previous to the awarding of the bids, the court below was right in holding that he was estopped from attacking the proceedings on account of irregularities that might exist and which he voluntarily waived by submitting his bid and which did not cause him any prejudice affecting his right or status as bidder.

The other ground of the certiorari is that the board of awards did not give the contract to petitioner who submitted the Niagara meters, but to Bermúdez Brothers who offered the Hersey meters, the former being of the same or better quality and cheaper than the Hersey meters, thus prejudicing the interests of the community and of the petitioner.

Section 7 of the ordinance in question states that the board of awards shall take into consideration, when making the award, not only the price but the quality and any other circumstance that might be advantageous to the municipality. This section conforms to the Municipal Law, which provides in the fourth paragraph of section 39 that on awarding the contract to the best bidder there shall be taken into account

not only the amount of the bid, but also all other conditions and circumstances which on account of their nature might render the bid most advantageous. Therefore, the authority to award the contract in that case is discretional and the courts have no jurisdiction in the premises unless there has been manifest abuse of such discretional power. Though the appellant alleged in his motion that the discretional power had been abused, we do not think that it so appears from the fact that the award was given to the Hersey meter of Bermúdez Brothers on account of its costing $3.60 more than the Niagara offered by the appellant and making a total of the excess cost to the municipality of $5,670. In the report submitted to the board of awards by the director of municipal public works he recommended that either the Nash or the Hersey be preferred, after he had made an inspection of the Niagara, Badger, Neptuno, Nash and Hersey meters in case the Niagara which in his opinion could not compare with the others was not accepted on account of its cheapness; that the Hersey, though costing $1.03 more than the Nash, would be worth the difference because that meter had given satisfaction in this island for more than thirteen years. It appears also from the record that the average life of the Niagara meter here is six years. On the strength of that report the board of awards selected the Hersey meter and that decision was ratified by the municipal assembly.

It does not appear from the foregoing that there was any abuse of discretion in refusing to give the contract to the meter offered by the appellant, and it does not become necessary to decide whether or not the award had to be approved by the Commissioner of the Interior, as that question does not affect the appellant because his bid had been rejected.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.